# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**JERRY WINTERS (# 136576)**                                                        **PLAINTIFF**

**v.**                                               **No. 1:08CV97-A-S**

**ATTALA COUNTY SHERIFF'S DEPARTMENT,**
**SHERIFF WILLIAM LEE**                                          **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Jerry Winters, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the plaintiff's claims alleging negligent conduct regarding the mixing of cleaning chemicals shall be dismissed with prejudice, and the plaintiff's claims alleging denial of medical care shall proceed.

### Factual Allegations

On January 4, 2008, at about 7:30 p.m., inmate John Bently at the Attala County Jail mixed together chemicals to unclog a drain. The mixture produced a cloud of noxious gas, causing inmates to scream and gag. Jailor Stan Murray tried to open the cells to release the inmates, but the poisonous gas overcame him, and he retreated. Murray gave the keys to inmate trusty George Winters, who entered the area wearing an oxygen tank and released the inmates, who exited onto the exercise yard. Some vomited; others passed out. The inmates were immediately transported to Monfort Jones Hospital, where they were examined and treated. The doctors at the hospital wrote a prescription for the plaintiff and recommended that he return in a week for follow-up care. The sheriff did not, however, ensure that the plaintiff received his prescriptions; nor did he ensure that

the plaintiff returned to the hospital for further treatment. The plaintiff still suffers from breathing problems and an itchy throat.

### Sheriff's Department Is Not a Governmental Entity in Mississippi

The plaintiff has also named the Attala County Sheriff's Department as a defendant in this suit; however, in Mississippi a sheriff's department is not a governmental entity subject to suit. *Brown v. Thompson*, 927 So.2d 733 (Miss. 2006) (sheriff's department not amenable to suit under the Mississippi Tort Claims Act); *Whiting v. Tunica County*, 222 F.Supp.2d 809 (N.D. Miss. 2002)(sheriff's department not amenable to suit under 42 U.S.C. § 1983)(overruled on other grounds). For this reason, the Attala County Sheriff's Department shall be dismissed from this suit.

### Negligence

The plaintiff's claim against any of the defendants regarding the mixing of chemicals and subsequent release of toxic gas states, at most, a claim of negligence. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). As such, all of the plaintiff's claims regarding the actual release of the toxic gas shall be dismissed for failure to state a claim upon which relief could be granted.

### Denial of Medical Treatment

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251,

260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may knowledge of substantial risk of serious harm be inferred by a court from the obviousness of the substantial risk. *Id.* Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). This same subjective deliberate indifference standard has been applied to pre-trial detainees under the Fourteenth Amendment as well as convicted inmates under the Eighth Amendment. *Hare v. City of Corinth*, 74 F.3d 633, 648 (5th Cir. 1996). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). The plaintiff has alleged that the defendant sheriff failed to ensure that the plaintiff received the medication and follow-up treatment prescribed by a doctor. The plaintiff has also alleged that he has suffered injury from this failure. These allegations state a claim for denial of medical treatment against the defendant sheriff.

In sum, all of the plaintiff's claims against the Attala County Sheriff's Department shall be dismissed, as will the plaintiff's claims of negligence regarding the improper mixing of chemical.

The plaintiff's claims against the defendant sheriff for denial of medical care shall, however, proceed.  A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the __3rd__ day of September, 2008.

                                          **/s/ Sharion Aycock**
                                          **U. S. DISTRICT JUDGE**