**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**JERRY WINTERS**                                                                   **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 1:08-CV-97-SA-DAS**

**ATTALA COUNTY SHERIFF'S**
**DEPARTMENT, et al.**                                                 **DEFENDANTS**

**MEMORANDUM OPINION**

Before the Court is Defendant's Motion for Summary Judgment [46]. For the reasons stated below, the motion is granted.

**I. BACKGROUND**

On January 4, 2008, a trusty inmate at the Attala County Jail attempted to unclog a drain with a household chemical. Plaintiff was one of the inmates housed at the Jail, and he alleges that the chemical created fumes which caused him to suffer the following symptoms: breathing difficulty, chest pain, and dizziness. The jail staff evacuated the prisoners and transported some of them, including Plaintiff, to the emergency room of Montfort Jones Memorial Hospital. Plaintiff alleges that Sheriff William Lee came to the hospital but did not enter the emergency room. Hospital staff gave Plaintiff an IV, a GI cocktail, Dimetapp, and Phenergan. Plaintiff alleges that the hospital staff also wrote him a prescription which Defendant never filled. Indeed, a form among the hospital records submitted by Defendant (MEDS-MJMH-000004) indicates that a prescription was given to Plaintiff.

Plaintiff continued to have symptoms overnight. Defendant had the jail staff transport Plaintiff and several other inmates back to the emergency room where they received further treatment. Defendant did not accompany the inmates to the hospital. Plaintiff alleges that the doctor instructed him to return in seven days, and the hospital discharge form instructs to "follow up with

family doctor" within a week. Defendant did not take Plaintiff for any additional doctor visits.

Plaintiff subsequently brought this action against the Attala County Sheriff's Department and Sheriff Lee, alleging that he was denied medical treatment in violation of the Eighth Amendment. The Court previously dismissed the Attala County Sheriff's Department from the case and dismissed any negligence claims asserted by Plaintiff. The Court now addresses the Motion for Summary Judgment of Sheriff Lee, the remaining Defendant in this action.

## II. DISCUSSION

*A.     Summary Judgment Standard*

"Summary judgment is appropriate when the evidence shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Salinas v. AT&T Corp., 314 Fed. Appx. 696, 697 (5th Cir. 2009) (quoting FED. R. CIV. P. 56(c)). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Washington Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

If a movant shows that there is no genuine issue of material fact, the nonmovant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (quoting FED. R. CIV. P. 56(c), (e)). "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must . . . set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated

2

assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." Oliver v. Scott, 276 F.3d 736, 744 (5th Cir. 2002).

The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 567 F.3d at 164. However, the Court resolves factual controversies in favor of the non-moving party "only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. *We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citation omitted). Further, "[a]ffidavits submitted in opposition to a motion for summary judgment may supplement deposition testimony, but cannot contradict prior testimony without explanation." Bouvier v. Northrup Grumman Ship Sys., 2009 U.S. App. LEXIS 23619, *6 (5th Cir. Oct. 26, 2009) (citing S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 496 (5th Cir. 1996)).

*B.     Denial of Medical Care*

To prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must prove facts which demonstrate "deliberate indifference to a prisoner's serious medical needs, constituting an 'unnecessary and wanton infliction of pain.'" Thayer v. Adams, 2010 U.S. App. LEXIS 2392, *18 (5th Cir. Feb. 4, 2010) (quoting Wilson v. Seiter, 501 U.S. 294, 297, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991)). The Supreme Court has held that a prison official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm

exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); see also Thayer, 2010 U.S. App. LEXIS at *18; Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006).

"Failed treatments, negligence, and medical malpractice are insufficient to give rise to a successful claim of deliberate indifference to serious medical needs." Thayer, 2010 U.S. App. LEXIS 2392 at *18 (citing Gobert, 463 F.3d at 346). "A prisoner who merely . . . contends that he should have received additional treatment . . . does not raise a viable deliberate indifference claim." Id. at *19. "To prevail on a claim of deliberate indifference to medical needs, the plaintiff must establish that the defendant denied him treatment, purposefully gave him improper treatment, or ignored his medical complaints." Id.

## C.     *Failure to Fill Prescription*

Plaintiff first alleges that Defendant denied him medical care by failing to fill and administer a prescription written by the doctor during the first emergency room visit. Defendant has presented evidence that he was unaware of any prescription that may have been written by the doctor. First, Plaintiff testified at deposition that Defendant never entered the emergency room. Further, Defendant testified by affidavit and at deposition that he has no knowledge of any prescription. Also, two other inmates - Daniel Brown and George Dotson - testified that the Sheriff did not even go to the hospital on January 4, 2008. Finally, Deputy Sheriff Robert Nail testified that the Sheriff was not at the emergency room on the night that Plaintiff alleges the prescription was written.

For Defendant to be liable for failing to fill the prescription, he must have, at a minimum, 1) known of its existence, 2) drawn the inference that failure to fill it would present a substantial risk of serious harm to Plaintiff, and 3) deliberately disregarded the risk. Farmer, 511 U.S. at 837. All

4

the evidence in the record shows that Defendant was unaware of the existence of any prescription. Plaintiff has offered no evidence to the contrary. Therefore, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Eighth Amendment claim premised upon Defendant's alleged failure to fill a prescription.

D. *Follow-Up Visit with Physician*

Plaintiff also alleges that Defendant denied him medical care by failing to take him for a follow-up visit as instructed by the emergency room doctor. However, Defendant has presented evidence that he was unaware of any doctor's instructions for a follow-up visit. First, Plaintiff admitted at deposition that the Sheriff did not go to the hospital on the second trip to the emergency room. Also, Defendant testified by affidavit and at deposition that he was unaware of any doctor's instructions for Plaintiff to receive further treatment. Finally, Deputy Nail testified that Defendant was not at the hospital for the second visit. Plaintiff has not offered any evidence that Defendant was aware of the doctor's instructions regarding a follow-up visit. Therefore, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Eighth Amendment claim premised upon Defendant's alleged failure to take him for a follow-up visit with a physician.

E. *Respondeat Superior/Vicarious Liability*

In his briefing on Defendant's Motion for Summary Judgment, Plaintiff attempts to conflate Defendant's actions with those of other persons involved in these events, such as a deputy sheriff, a jailer, and a trusty inmate. However, "[a] supervisor may not be held liable for a civil rights violation under any theory of *respondeat superior* or vicarious liability." Bell v. Livingston, 2009 U.S. App. LEXIS 27741, *4-*5 (5th Cir. Dec. 17, 2009) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)); see also Gobert, 463 F.3d

5

at 351. "Without personal participation in an offensive act, supervisory liability will exist only if the supervisor implements a policy 'so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'" Bell, 2009 U.S. App. LEXIS 27741 at *5 (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987)). Plaintiff has neither pled nor argued the existence of any deficient policy instituted by Defendant. Therefore, the Court rejects any argument that Defendant is liable for the actions and/or omissions of those under his supervision and grants summary judgment in favor of Defendant as to any Eighth Amendment claim that may be asserted by Plaintiff premised upon that basis.

## F.    *Delay in Treatment*

Finally, in his briefing on Defendant's Motion for Summary Judgment, Plaintiff argues that Defendant delayed his treatment by initially telling him that nothing was wrong with him and only taking him for the second emergency room visit after a phone call from Plaintiff's family. However, Plaintiff's Complaint does not contain any reference to a delay in treatment. In any case, "a delay in treatment . . . does not violate the Eighth Amendment unless there has been deliberate indifference that results in substantial harm." Thayer v. Adams, 2010 U.S. App. LEXIS 2392, *19-*20 (5th Cir. Feb. 4, 2010) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993)).

Plaintiff testified at deposition that once he informed Defendant that he was still feeling ill, Defendant asked the other inmates if any of them needed to return to the emergency room. Upon the inmates' affirmative response, Defendant had the inmates transported back to the emergency room. Plaintiff now alleges that Defendant initially declined to take him to the emergency room, relenting only after a phone call from Plaintiff's family. Plaintiff may not create a factual dispute by offering contradictory testimony wholly without explanation. Bouvier, 2009 U.S. App. LEXIS

23619 at *6. Therefore, the Court grants Defendant's Motion for Summary Judgment as to Plaintiff's Eighth Amendment cause of action premised upon an alleged delay of medical treatment, to the extent that any such cause of action has been pled.

### III. CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion for Summary Judgment [46]. An order consistent with this opinion shall issue on this, the 22nd day of March, 2010.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**